By the Court.—Tappen, J.
This is an application to review the proceedings of the city authorities in the matter of grading and paving Ralph-avenue, and to have such proceedings declared defective, with the view of vacating certain assessments thereby imposed.
The petition of the property owners was for grading, curbing and guttering—paving was not stated.
*118 The petition appears to have come to the common council and they "decided it as signed by a majority of the owners. The petition, it seems, cannot now be found, and it is not returned with the other papers sent up in response to the writ of certiorari. Jurisdiction seems to.have been acquired by the. city authorities. At all events the fact that the report of the committee set forth “that said petition is signed by a majority of the owners on said Ralph-avenue,” instead of using the exact language of the statute, ch. 213, act of 1859, to wit—“petition signed by a majority of the persons owning land situated on the line of the improvement, each of such persons being the owner of at least one building lot on said line, of the usual size of city lots,” cannot be construed to the prejudice of the petition itself on this proceeding (People ex rel. Crowell v. Lawrence, 41 N. Y., 137).
The act of 1859 was materially amended before these proceedings were taken, and they are governed by the amended act of 1861, ch. 169, which does not contain the language above quoted from the act of 1859, but does contain the provisions in substance which the committee use in their report.
Section 5 of the act of 1861 limits the assessment so that it shall not exceed one-half of the value of the land assessed, to be ascertained in a prescribed mode. The relator has a right to reduce any unlawful asssessment by application under the act of 1871, ch. 483, p. 1010, and by the act of 1858, ch. 338, p. 574.
The difficulty presented here is that while the improvement and proceedings initiated by the petition were limited to have Ralph-avenue “graded, curbed and guttered,” the common council went further and included a contract and assessment for paving with the best bank' paving stones. There having been no previous proceedings looking to “paving,” it would seem that the assessment for the cost of this portion of the *119 work is unlawfully imposed. It may be possible to distinguish it from the cost of the other part of the work, so that the relator can be relieved of the cost of paving by the provisions of the laws above cited.
Until and unless the provisions of those statutes appear to be insufficient to correct the errors complained of, the entire proceedings and assessment should not be declared invalid, because, to the extent of curbing, grading and guttering, the proceedings and assessment are regular and valid.
The writ of certiorari should therefore be quashed, without costs.'
J. F. Barnard and Gilbert, JJ., concurred.
Writ quashed.